**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5575-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JHON YEBES a/k/a
JHPN J. YEPES,

    Defendant-Appellant.

_____

Submitted December 17, 2019 – Decided December 31, 2019

Before Judges Fisher and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 11-01-0003.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew Robert Burroughs, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Meredith L. Balo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jhon Yebes appeals an order dismissing his petition for post-conviction relief (PCR) following an evidentiary hearing. Judge John M. Deitch, who had not tried the case, conducted the two-day hearing and entered the order under review. We affirm for the reasons expressed by the judge in his well-reasoned written decision that accompanied the order.

The circumstances leading to defendant's arrest and conviction are described in our prior decision affirming the conviction and sentence on direct appeal, and in Judge Deitch's cogent decision. Tried together with his two co-defendants, defendant was convicted by a jury of armed robbery and weapons offenses. Defendant appealed and we affirmed.[1] State v. Yebes, A-2098-12 (App. Div. May 6, 2015) (slip op. at 25), certif. denied, 223 N.J. 280 (2015).

Before the PCR judge, defendant claimed his trial counsel was ineffective by failing to: (1) properly explain the State's plea offer and his maximum sentencing exposure at trial; (2) conduct a proper investigation in support of his third-party guilt defense; (3) move to sever his case from his co-defendants; and (4) effectively communicate with defendant "throughout the trial process."

---

[1] We remanded solely to correct defendant's judgment of conviction to reflect the imposition of consecutive sentences, as expressed by the trial judge at the sentencing hearing. Yebes, slip op. at 23.

2

The judge granted an evidentiary hearing "to expand the record as to communications between [d]efendant and his trial attorney." Following the hearing, the judge issued a cogent written decision, correctly applying the governing law, and soundly recognizing each of defendant's arguments lacked merit. Notably, the judge recounted the testimony of both witnesses, ultimately concluding trial counsel "presented in a credible manner" while defendant was "incredible with regard to the issues he raise[d] in his petition."

On appeal, defendant renews the same four arguments he raised before the PCR judge. Having considered defendant's contentions, in light of the applicable law and our limited standard of review, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

In doing so, we recognize our review of a PCR claim after a court has held an evidentiary hearing "is necessarily deferential to [the] PCR court's factual findings based on its review of live witness testimony." State v. Nash, 212 N.J. 518, 540 (2013). We therefore find no reason to disturb the judge's findings, which "are supported by sufficient credible evidence in the record." State v. Pierre, 223 N.J. 560, 576 (2015).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5575-17T1